UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIED TRUST INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2251** |
| **JASON COSENTINO, ET AL.** | **SECTION: D (1)** |

### ORDER AND REASONS

Before the Court is a FRCP 1(b)(6) [sic] Motion to Dismiss for Failure to State a Claim filed by the Defendants, Sheri Cosentino and Jason Cosentino.[1] The Plaintiff, Allied Trust Insurance Company, did not file a response to the Motion. At the Court's request, the parties both filed supplemental memoranda of law.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute at issue in the instant action stems from a November 27, 2022 plumbing leak at the residence of the Defendants, Sheri Cosentino and Jason Cosentino.[3] The Defendants have a homeowners insurance policy with the Plaintiff, Allied Trust Insurance Company ("Allied Trust").[4] Allied Trust inspected the Defendants' property and issued payments to the Defendants in the amount of $13,248.49.[5] The Defendants subsequently invoked the appraisal procedure contained in the parties' insurance policy and named Nader Anthony Odeh as their

---

[1] R. Doc. 11.
[2] R. Doc. 18; R. Doc. 19.
[3] R. Doc. 1 at ¶ 6.
[4] *Id.* at ¶¶ 7, 21.
[5] *Id.* at ¶ 8.

appraiser.[6] On March 10, 2023, the Defendants sent Allied Trust a damage estimate prepared by FC Home Renovation, LLC totaling $150,919.40.[7]

Allied Trust filed this declaratory action on June 28, 2023, seeking a declaration that (1) the Defendants participate in the appraisal process contained in the insurance policy entered into between the parties and that (2) the Defendants' chosen appraiser, Nader Anthony Odeh, is disqualified from serving as appraiser for failing to meet the requirements of an impartial and disinterested appraiser.[8] Allied Trust claims that an employee of Odeh, Jessica Campos, is the spouse of the owner and operator of FC Home Renovation, LLC, the same firm that the Defendants obtained an estimate from.[9] Accordingly, Allied Trust contends that Odeh has a conflict of interest because he has a "personal and financial interest in the outcome of the appraisal."[10] However, Allied Trust further provides that the Defendants have agreed to remove FC Home Renovation, LLC from performing any repair work on the Defendants' property.[11] Nevertheless, Allied Trust claims that "[n]othing would prevent FC Home Renovations, LLC from performing the repair work on a later date."[12]

---

[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 10.
[8] *Id.* at pp. 6–7. The Defendants have agreed to participate in the appraisal process, mooting the first part of Allied Trust's claim for declaratory relief. *See* R. Doc. 11 at p. 2 ("However, in the interest of judicial economy, [Defendants] do stipulate to having appraisal process ordered for the parties."). The only remaining dispute concerns the disqualification of Nader Odeh as Defendants' appraiser.
[9] R. Doc. 1 at ¶¶ 11–13.
[10] *Id.* at ¶ 14.
[11] *Id.* at ¶¶ 17–18.
[12] *Id.* at ¶ 19.

The Defendants filed a FRCP 1(b)(6) [sic] Motion to Dismiss for Failure to State a Claim arguing that Allied Trust has alleged contradictory and speculative grounds for relief insufficient to survive a Rule 12(b)(6) motion to dismiss.[13] In sum, the Defendants claim that the Complaint fails to provide an adequate "foundation for alleged misconduct warranting the declaratory relief requested," and ask the Court to dismiss this action.[14] Allied Trust did not file a response to the Defendants' Motion.[15]

On January 8, 2024, the Court held a Telephone Status Conference with counsel for the parties to discuss the case and the pending Motion.[16] Counsel for Allied Trust asked for additional time to file supplemental briefing on the Motion.[17] The Court gave the parties time to file a brief supplemental memorandum narrowly addressing an insured's right under Louisiana law to select an appraiser of their own choosing and whether a whether a declaratory judgment action is the proper procedural action to address this issue.[18] Both parties timely filed their supplemental memoranda.[19] The Court held an additional Telephone Status Conference on February 5, 2024, at which time the Court advised the parties that it would issue an Order addressing the action shortly.[20]

---

[13] R. Doc. 11.
[14] *Id.* at p. 3.
[15] The Motion was submitted on December 12, 2023, making any response in opposition due by December 4, 2023. As of the date of this Order, Allied Trust has not filed any response in opposition. However, Allied Trust has filed a supplemental memorandum of law. R. Doc. 19.
[16] R. Doc. 15.
[17] *Id.*
[18] *Id.*
[19] R. Doc. 18; R. Doc. 19.
[20] R. Doc. 22.

## II.  LEGAL STANDARD

Under Article III of the Constitution, federal courts only have jurisdiction to decide actual cases or controversies.[21]  "Because of that limitation, any plaintiff invoking the 'judicial Power' must establish the 'irreducible constitutional minimum of standing.'"[22]  As standing is a prerequisite for subject matter jurisdiction, courts must raise and consider *sua sponte* whether a litigant has standing.[23]  To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."[24]

## III.  ANALYSIS

The Court begins and ends it analysis with whether the Plaintiff, Allied Trust Insurance Company, has shown an "injury in fact."  Here, Allied Trust's claimed injury is the alleged conflict of interest of Defendants' chosen appraiser, Nader Anthony Odeh.  Allied Trust alleges that one of Odeh's employees, Jessica Campos, is the spouse of the owner and operator of FC Home Renovation, LLC, a contractor firm which prepared an estimate for the Defendants.[25]  According to Allied Trust, the Defendants' "contractor, Francisco Campos [the owner and operator of FC Home

---

[21] U.S. Const. art. III, § 2, cl. 1.
[22] *Lutostanski v. Brown*, 88 F.4th 582, 585 (5th Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).
[23] *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002) (citing *SEC v. Forex Asset Mgmt., LLC*, 242 F.3d 325, 328 (5th Cir. 2001)); *see also id.* n.1 ("Article III standing must be addressed before all other issues 'because it determines the court's fundamental power even to hear the suit.'" (quoting *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002))).
[24] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560–61).
[25] R. Doc. 1 at ¶¶ 11–13.  Allied Trust never explains Jessica Campos' role as employee of Nader Odeh.  Exactly how Nader Odeh stands to gain from Campos' connection to FC Home Renovation, LLC is entirely speculative and unsupported.

Renovation, LLC], and his spouse, Jessica Campos, stand to profit based on the extent of repair work performed by FC Home Renovations, LLC[,]" because "a higher appraisal prepared by Mr. Odeh and Mrs. Campos could equate to more work and more profit for Mr. Campos."[26] That is, Odeh's alleged partiality and bias stems from FC Home Renovations, LLC's serving as a contractor for the Defendants. However, as Allied Trust concedes in its Complaint, the Defendants have agreed to not use FC Home Renovations, LLC to perform any repair work on their property.[27] Indeed, during the January 8, 2024 and February 5, 2024 Telephone Status Conferences, both parties agreed that the Defendants would not use FC Home Renovations, LLC in any capacity.[28] Even assuming that Odeh's connection to FC Home Renovations, LLC amounts to an impermissible conflict of interest, that conflict has been resolved. With FC Home Renovations, LLC out of the picture, Odeh does not plausibly stand to benefit from serving as an appraiser for the Defendants. Contrary to Allied Trust's claim, Odeh no longer has "a personal and financial interest in the outcome of the appraisal."[29]

Allied Trust resists this conclusion, arguing that "[n]othing would prevent FC Home Renovations, LLC from performing the repair work on a later date."[30] In other words, Allied Trust claims that there is a potential for a conflict of interest at some time in the future. This is the quintessential type of "hypothetical" and "conjectural"

---

[26] *Id.* at ¶ 13.
[27] *Id.* at ¶¶ 17–18.
[28] R. Doc. 15; R. Doc. 22.
[29] R. Doc. 1 at ¶ 14.
[30] *Id.* at ¶ 19.

injury that fails to meet the "injury in fact" prong of the standing doctrine.[31] "Such a 'speculative' injury does not provide a basis for federal jurisdiction."[32] Standing requires a party to demonstrate that they either have suffered an "actual" injury or will suffer an "imminent" injury.[33] "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes."[34] Allied Trust has offered only an ambiguous possibility of injury, without any evidence as to the likelihood of such injury. Because FC Home Renovations, LLC would not be performing any repair work here, the entire basis of the alleged conflict is illusory and moot. This fails to amount to an "injury in fact." Moreover, the Court does not find that Allied Trust's claimed injury "would likely be redressed by judicial relief."[35] Allied Trust lacks standing to pursue its claims.[36]

Federal courts are courts of limited jurisdiction that can only hear actual cases or controversies. Article III mandates that "[f]ederal courts do not possess a roving commission to publicly opine on every legal question."[37] At this stage, Allied Trust effectively asks the Court to provide an advisory opinion about potential conflicts of interest and potential issues of partiality and bias which have not yet materialized and are entirely speculative. Standing requires more. Because standing implicates

---

[31] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).
[32] *Lutostanski v. Brown*, 88 F.4th 582, 585 (5th Cir. 2023) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).
[33] *See Lujan*, 504 U.S. at 560.
[34] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).
[35] *Id*.
[36] *See Lujan*, 504 U.S. at 560 ("[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976))).
[37] *TransUnion LLC*, 594 U.S. at 423.

this Court's subject matter jurisdiction, the Court dismisses Allied Trust's claims without prejudice for lack of jurisdiction.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's claims against the Defendants are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

New Orleans, Louisiana, February 8, 2024.

_____
**WENDY B. VITTER**
**United States District Judge**